**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAYS INN WORLDWIDE, INC. a Delaware Corporation, | : : : : | |
| | : | **OPINION** |
| Plaintiff, | : : | |
| v. | : : | Civ. No. 11-355 (WHW) |
| | : | |
| BUJA INVESTMENTS, INC., a New Mexico Corporation, JIN H. KWON, an individual and HYUN S. KWON, an individual, | : : : : : | |
| Defendants. | | |

**Walls, Senior District Judge**

Plaintiff Days Inn Worldwide, Inc. ("DIW") moves for default judgment against

Defendants Buja Investments, Inc. ("Buja), Jin H. Kwon, and Hyun S. Kwon.  Pursuant to Rule

78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument.  DIW's

motion to for default judgment is granted as to Defendants Buja and Hyun Kwon only.

### FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from a license agreement entered between DIW and Buja on April 24,

2006 for the operation for a 74-room guest lodging facility in New Mexico ("Facility").[1]  Compl.

¶ 9, Ex. A.  Defendants Jin Kwon and Hyun Kwon are principals of Buja and provided DIW with

a guaranty of Buja's obligations under the agreement.  Id. ¶ 3-4, 20, Ex. C.   Under the

agreement, Buja was obligated to operate the Facility as a Days Inn for 15 years.  Id. ¶ 10, Ex. A.

---

[1] Site No. 05738-61140-7, 3201 W. Highway 66, Gallup, New Mexico 87301

**NOT FOR PUBLICATION**

Buja was also required to make periodic payments to DIW for royalties, service assessments,

taxes, interest, reservation system user fees, and other fees (collectively the "recurring fees").  Id.

¶ 11, Ex. A.  Buja was also required to prepare and submit to DIW monthly revenue reports and

maintain at the Facility accurate financial information for DIW to examine, audit, and copy.  Id.

¶ 13-14, Ex. A.   An addendum for satellite connectivity services was also executed between the

parties on April 24, 2006.  Id. ¶ 18, Ex. B.

DIW could terminate the agreement if Buja discontinued operating the Facility as a Days

Inn or lost possession or right to possession of the Facility.  Id. ¶ 15, Ex. A.  Buja agreed that if

the agreement was terminated, it would pay liquidated damages to DIW according to a formula

in the license agreement.  Id. ¶ 16, Ex. A.  Additionally, the agreement provided that the non-

prevailing party would "pay all costs and expenses, including reasonable attorneys' fees,

incurred by the prevailing party to enforce this [license] Agreement or collect amounts under this

[license] Agreement."  Id. ¶ 17, Ex. A.

On January 10, 2010, Buja ceased to operate the Facility as a Days Inn, unilaterally

terminating the agreement.  Id. ¶ 23.  DIW wrote  to Buja on May 12, 2010, acknowledging

Buja's termination of the agreement and advising Buja that it owed DIW liquidated damages in

the amount of $150,500.00 for premature termination of the agreement and satellite addendum,

and other outstanding recurring fees.  Id. ¶ 24, Ex. D.

On January 20, 2011, DIW filed suit alleging that Defendants had not fulfilled their

obligations under the agreement and to recover from Defendants liquidated or actual damages

and past due fees under the agreement, plus interest, attorneys' fees, and costs.  Compl.  Personal

service of process was attempted on Defendants between February and June of 2011.  Request

for Entry of Default, Ex. A, Ex. B.  After failure to locate Buja and Hyun Kwon, DIW, by letter

**NOT FOR PUBLICATION**

dated June 7, 2011, served Buja and Hyun Kwon via certified and regular mail pursuant to N.J.

Ct. R. 4:4-4(b)(1)(C).  Id., Couch Certification ¶ 5-7, Ex. C.   DIW alleges that Jin Kwon was

served on February 27, 2011 but do not indicate how he was served, and alleges that he

acknowledged service when he mailed a letter to the Court, filed March 9, 2011.  Mot. for

Default J., Couch Certification ¶ 5-6; Letter from Jin Kwon, Dkt. Entry # 4.  In this letter, Jin

Kwon requests that DIW sue another party or that the Court grant Jin Kwon an extension of 4 to

5 years to appear.  Letter from Jin Kwon, Dkt. Entry #4.  Jin Kwon sent another letter to the

Court, dated March 31, 2011, further indicating that 4 to 5 years is needed before he or Hyun

Kwon could leave Korea.  Letter from Jin Kwon, Dkt. Entry # 8.  Although the March 2, 2011

letter was originally filed by the Court as an Answer, on June 6, 2011 Magistrate Judge Cecchi

characterized the letter as a request for extension of time to answer the Complaint and directed

Defendants to answer or otherwise respond to the Complaint within 30 days of the Order.  Order

on Oral Motion, Dkt. Entry # 11.  Defendants did not appear in this action or answer the

Complaint and DIW requested entry of default, which was entered by the Clerk on July 15, 2011.

Dkt. Entry # 12.

DIW then moved for default judgment on September 9, 2011 in the amount of

$218,475.78.  Mot for Default J.  This amount is comprised of (1) $17,330.53 for recurring fees

owed under the agreement, (2) $195,106.22 for liquidated damages, and (3) $6,039.03 for

attorneys' fees and costs.  Id. at 2.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.

The power to grant default judgment "has generally been considered an 'inherent power,'

governed not by rule or statute but by the control necessarily vested in courts to manage their

**NOT FOR PUBLICATION**

own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma

Corp., 723 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).  Because the entry of default

prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of

defaults or default judgments.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194

(3d Cir. 1984).  Accordingly, the Third Circuit has clarified that, while "the entry of default

judgment is left primarily to the discretion of the district court," this "discretion is not without

limits," and cases should be "disposed of on the merits whenever practicable."  Hritz at 1181

(citations omitted).  See also $55,518,05 in U.S. Currency, 728 F.2d at 194-95.

The Third Circuit considers three factors in determining "whether a default judgment

should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the default

appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other

than those as to damages, are treated as conceded by defendant."  DIRECTV, Inc. v. Pepe, 431

F.3d 162, 165 (3d Cir. 2005).  The court must, however, make "an independent inquiry into

'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an

independent determination" regarding questions of law.  Days Inn Worldwide, Inc. v. Mayu &

Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

**DISCUSSION**

I.      **Jurisdiction**

Before entering a default judgment as to a party "that has not filed responsive pleadings,

the district court has an affirmative duty to look into its jurisdiction both over the subject matter

and the parties."  Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 05-3452,

4

**NOT FOR PUBLICATION**

2008 WL 2967067, at *9 (D.N.J. July 31, 2008).  A default judgment entered without personal

jurisdiction over the defendant is void.  D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 436 (E.D.

Pa. 2006).

### A.  Subject Matter Jurisdiction

Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.  DIW is a Delaware

corporation, with its principal place of business in New Jersey.  Compl. ¶ 1.  Defendant Buja is a

New Mexico corporation, with its principal place of business in New Mexico, and Defendants

Jin Kwon and Hyun Kwon are residents of California.  Id. ¶ 3-4.  The amount in controversy in

the matter, exclusive of interest and costs, exceeds the sum of $75,000.  Id. ¶ 5.

### B.  Personal Jurisdiction

This court possesses personal jurisdiction over Buja and Hyun Kwon, but not over Jin

Kwon.  The license agreement includes a clause by which Defendants have consented "to the

non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the

District of New Jersey."  Id. ¶ 6, Ex. A.

Proper service of process is required to establish personal jurisdiction over a defendant.

Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991).  Rule 4 of the Federal Rules of Civil

Procedure states that a summons may be served upon an individual by "following state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  New Jersey law

provides that if personal service cannot be effectuated upon a defendant pursuant to N.J. Ct. R.

4:4-4(a), a plaintiff may submit an affidavit containing facts which illustrate that "despite

diligent effort and inquiry personal service cannot be made."  N.J. Ct. R. 4:4-4(b).  The plaintiff

can then obtain personal jurisdiction over the defendant by mailing "a copy of the summons and

NOT FOR PUBLICATION

complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." Id.

Here, personal service of process was attempted on Defendants between February and June of 2011.   Request for Entry of Default, Ex. A, Ex. B.  After failure to locate Buja and Hyun Kwon after a diligent search, DIW, on June 7, 2011, served Buja and Hyun Kwon via certified and regular mail pursuant to N.J. Ct. R. 4:4-4(b)(1)(C). Id., Couch Certification ¶ 5-7, Ex. C.   DIW alleges that Jin Kwon was served on February 27, 2011 but do not indicate how he was served, and alleges that he acknowledged service when he mailed a letter to the Court, filed March 9, 2011.  Motion for Default J., Couch Certification ¶ 5-6; Letter from Jin Kwon, Dkt. Entry # 4 (Jin Kwon states in his letter "I've just received lawsuit file of this case").  DIW has not filed proof of service pursuant to Fed. R. Civ. P. 4(l)(1) as to Jin Kwon.  It is not clear to the Court how Jin Kwon received the file on this case and his letter does not constitute an acknowledgment of service under N.J. Ct. R. 4:4-6 (the rule provides that "[a] general appearance or an acceptance of the service of a summons . . . signed and acknowledged by the defendant . . . shall have the same effect as if the defendant had been properly served").  The Court does not possess personal jurisdiction over Jin Kwon.

## II.    Liability

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish a right to the requested relief." Nautilus Ins. Co. v. Triple C. Const. Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011).

**NOT FOR PUBLICATION**

### A. Breach of Contract

To properly make out a breach of contract claim, DIW must allege: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach.  AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999).  DIW has satisfied each of these elements.  First, DIW asserts that "[o]n or about April 24, 2006, DIW entered into the License Agreement with Buja for the operation of a 74-room guest lodging facility," and that Jin Kwon and Hyun Kwon "provided DIW with a Guaranty of Buja's obligations under the License Agreement."  Compl. ¶ 9, 20.  Second, DIW asserts that Defendants breached that contract because Buja failed to pay the recurring fees and liquidated damages owed under the agreement. Id. ¶ 34, 42, 50.  Third, DIW alleges damages related to these claims totaling $212,436.75, which includes the interest that has accumulated up to the date of DIW's motion, because Defendants have failed to pay the recurring fees and liquidated damages owed under the agreement.  Mot. for Default J., Ex. F, Fenimore Aff. ¶ 19, 27.

### B. Attorneys' Fees and Costs

Under section 17.4 of the license agreement, the prevailing party in an action to enforce the agreement or collect amounts owed under it is entitled to recover "all costs and expenses, including reasonable attorneys' fees" from the non-prevailing party.  Compl. ¶ 17, Ex. A. Attorneys' fees clauses are enforceable in New Jersey.  Howard Johnson Intern. Inc. v. Patel, No. 11-918, 2011 WL 2148575, at *3 (D.N.J. May 31, 2011) (citation omitted).  Rule 54 of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Because DIW has submitted supporting documentation, its request for attorneys' fees and costs will be granted.  Mot. for Default J., Ex. E, Couch Certification, ¶ 14-16.

**NOT FOR PUBLICATION**

### III.      Propriety of Default Judgment

DIW has properly served Defendants with process, the Clerk of the Court has entered default against them, and DIW has established a legitimate cause of action for breach of contract. The Court now determines whether default judgment is appropriate by evaluating: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

If a default judgment is not entered, DIW will continue to be harmed "because [it] will not be able to seek damages for [its] injuries due to defendant's continuing refusal to" participate in this case. Newman v. Axiom Worldwide, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed on the recurring fees and the liquidated damages are subject to interest. Defendants will owe DIW more money the longer it does not receive payment, causing additional harm. See Howard Johnson, 2011 WL 2148575, at *4.

In Jin Kwon's March 9, 2011 letter, he alleges that another company has taken over operation of the Facility. Letter from Jin Kwon, Dkt. Entry # 4. According to the facts asserted in the Complaint, however, Jin Kwon's allegations do not constitute a litigable defense, as such actions would constitute a breach of the license agreement with DIW. See Compl. Ex. A (setting forth the requirements for assignments, transfers, and conveyances of the license). Defendants have offered no defense, and the facts asserted in the Complaint do not contain any information that could provide the basis for a meritorious defense. The Court assumes that the defendants have no litigable defenses available. Rose Containerline, Inc. v. Omega Shipping Co., No 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (citing Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06-3238, 2007 WL 1018227, at *5 (E.D. Pa. Mar. 27, 2009) (finding that because defendant had filed no responsive pleading to the plaintiff's

**NOT FOR PUBLICATION**

complaint, and the record did not indicate any litigable defense, the court must presume that the

defendant had none).

The Third Circuit has defined culpable conduct as "conduct that is taken willfully or in

bad faith." Hill v. Williamsport Police Dept., 69 F. App'x 49, 52 (3d Cir. 2003) (quotations

omitted).  "Reckless disregard for repeated communications from plaintiffs and the court . . . can

satisfy the culpable conduct standard." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance

Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted).  In his March 9 letter to the

Court, Jin Kwon alleges that he has not informed his wife, Hyun Kwon of the suit.  Letter from

Jin Kwon, Dkt. Entry #4.  This indicates that Hyun Kwon's defaulting conduct may not have

been taken willfully.  Buja, however, has disregarded all communications from DIW.   Even if

Jin Kwon's March 9 letter is deemed to be written on behalf of Buja, as Jin Kwon is a principal

of Buja, Jin Kwon's explanation regarding his request for an extension does not indicate a lack

of culpable conduct on the part of Buja.  Although the Court sympathizes with the Kwon's

plight, the Court finds that there is nothing in the record to suggest that Buja's delay is due to

anything but its own culpable conduct.  Days Inn Worldwide, Inc. v. Hartex Ventures, Inc., No.

10-336, 2011 WL 1211353, at *3 (D.N.J. March 28, 2011).  The Court presumes that Buja acted

culpably because it has "failed to answer, move, or otherwise respond." Stonebridge Bank v.

Nita Props., LLC, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011).

The default judgment analysis shows that as for Buja, all three prongs weigh qualitatively

in favor of DIW, and as for Hyun Kwon, two prongs weigh qualitatively in favor of DIW and

one prong weighs qualitatively in favor of Hyun Kwon.  Given this, default judgment is

appropriate.

**NOT FOR PUBLICATION**

**IV.     Damages**

DIW requests a default judgment in the amount of $218,475.78.  This amount is

comprised of (1) $17,330.53 for recurring fees owed under the agreement, (2) $195,106.22 for

liquidated damages, and (3) $6,039.03 for attorneys' fees and costs.  Mot. for Default J.

<b>CONCLUSION</b>

Plaintiff DIW's motion for default judgment in the amount of $218.475.78 is granted as

to Defendants Buja and Hyun Kwon and denied as to Defendant Jin Kwon.


**<u>s/ William H. Walls</u>**
United States Senior District Judge